[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Brian J. Ford, has brought this Motion (#127) which, among other things, requests "DNA Testing for Paternity of Brandon Ford." For the reasons stated hereinafter, that portion of Motion #127 is denied.
By complaint dated September 24, 1991, and returnable to this court on October 15, 1991, the plaintiff, Brian J. Ford brought a complaint seeking a dissolution of his marriage to the defendant, Diane L. Ford. In the complaint, Mr. Ford alleged Brandon Michael Ford born January 27, 1986 to be issue of his marriage to the defendant. In his claim for relief he sought custody of Brandon Michael Ford. On July 10, 1992, by agreement of the parties a joint legal custody order was entered regarding Brandon. Mr. Ford was also afforded substantial physical access to Brandon. On October 15, 1991 [sic 2] the. parties entered into a further agreement for joint legal custody and acknowledged that they disputed physical custody of Brandon, that is: both parties were claiming physical custody of Brandon. On December 15, 1992, Mr. Ford withdrew his Claim for Relief for custody of Brandon Ford. By agreement dated February 4, 1993, the parties stipulated to joint legal custody of Brandon, physical possession to Mrs. Ford and "frequent, generous and continuing rights of visitation to Mr. Ford." They also agreed that he would claim Brandon Ford as a dependency exemption on his tax return. On that same date, a judgment of dissolution of marriage was entered pursuant to that agreement. Also, Mr. Ford paid pendente lite child support, and is under a continuing obligation to pay child support for Brandon pursuant to the judgment.
Now, two and one-half years later, the plaintiff seeks to challenge his paternity of Brandon Ford. CT Page 11745-A
In the original judgment, the Court found Brandon Ford a minor child, issue of the marriage. This is a final judgment. The plaintiff's motion now before the court has not been filed within the time limits provided. The court lacks jurisdiction to entertain plaintiff's motion. Perkins v. Perkins, (1985) 3 Conn. App. 322, 228. Further, the plaintiff is equitably estopped from the pursuit of this issue by his prior pleadings in this matter.
The DNA testing portion of Motion #127 is denied.
BY THE COURT
Lynda B. Munro, Judge